IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GATX TECHNOLOGY SERVICES CORPORATION, <br><br> *Plaintiff*, <br><br> v. <br><br> COMMONWEALTH CAPITAL CORP and AVON PRODUCTS, INC., <br><br> *Defendants*. | : <br> : <br> : <br> : <br> : <br> : Civil Action No. _____ <br> : <br> : <br> : |

**COMPLAINT FOR INTERPLEADER AND FOR DISCHARGE OF LIABILITY**

GATX Technology Services Corporation, by and through its undersigned attorneys, brings this Complaint for Interpleader and for Discharge of Liability against Commonwealth Capital Corp. and Avon Products, Inc., and states as follows:

**PARTIES**

1. GATX Technology Services Corporation, ("GATX"), is a Delaware corporation with its principal place of business in Tampa, Florida. GATX is holding almost $400,000, plus interest, that it desires to return to one or more of the defendants (the "Disputed Funds").

2. Upon information and belief, defendant Commonwealth Capital Corp., is a Pennsylvania limited partnership with its principal place of business at 1160 W. Swedesford Road, Suite 340, Berwyn, PA 19312 ("Commonwealth"). Commonwealth asserts that it was the owner

of certain computer equipment ("the Equipment") leased to defendant Avon Products, Inc., and claims to be entitled to the Disputed Funds.

3. Upon information and belief, Avon Products, Inc., is a New York corporation with its principal place of business at Avon Plaza, Rye, NY 10581 ("Avon"). Avon leased the Equipment and paid the Disputed Funds to GATX. Avon currently has possession of the Equipment, and asserts the right to ownership.

## JURISDICTION

4. The Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1335, and Rule 22 of the Federal Rules of Civil Procedure, as plaintiff has within its custody money exceeding $500 in value, and two or more of the adverse claimants are of diverse citizenship as defined by U.S.C. § 1332. Moreover, plaintiff is prepared to deposit the disputed funds into the registry of the court, there to abide the judgment of the court.

## VENUE

5. Venue is proper in this district pursuant to 28 U.S.C. § 1397 as one or more defendants reside in this district.

## BACKGROUND

6. Upon information and belief, on or about July 1, 1997, Avon entered into a master lease agreement with El Camino Resources, Ltd. ("El Camino") for a variety of products, which included a certain "Schedule 18" that included eight (8) IBM printers ("the Avon Lease"). The Avon Lease provided for a rental fee of $50,406.56 per month, and provided Avon with the option to purchase the Equipment upon the termination of the lease.

7. Commonwealth asserts that, at some time prior to February 9, 2001, El Camino sold

the Equipment, and assigned all of its rights in the Avon Lease, to Commonwealth, and El Camino remained Commonwealth's agent for the purpose of administering the Avon Lease. Accordingly, despite apparently having a new lessor, Avon continued to deal with El Camino for all issues related to the Avon Lease, including making lease payments.

8. On or about February 9, 2001, GATX purchased most of El Camino's U.S. information technology lease portfolio. GATX agreed to service any El Camino leases that it had not purchased. El Camino sent a notice to Avon informing Avon of the transfer.

9. On February 28, 2001, Avon sent GATX a notice of termination of the Avon Lease. Pursuant to the purchase option of the Avon Lease, Avon also indicated a desire to purchase the Equipment.

10. GATX thereafter negotiated with both Avon and El Camino to determine a purchase price for the Equipment.

11. Upon information and belief, Avon continued to remit its rent payments for the Equipment to El Camino until June 30, 2001.

12. On or before June 1, 2001, GATX informed Commonwealth, through its agent El Camino, that Avon intended to terminate the lease as of June 30, and exercise its (Avon's) option to purchase at fair market value.

13. Commonwealth made no objection to the termination notice, nor did Commonwealth seek, or give direction for, the return of the Equipment. However, Commonwealth did assert that Avon owed certain unpaid rents, and asserted on that ground that it would not agree to the sale.

14. Prior to being informed of Avon's notice of exercise of the option to purchase, Commonwealth had not contended that Avon owed unpaid rent.

15. Because the Avon Lease expired on June 30, 2001, Avon entered into a separate lease agreement with GATX, as agent, and paid GATX $44,870.00 (plus taxes) to rent the Equipment for July 2001 (the "July Rent"). GATX has remitted the July Rent (less taxes) to Commonwealth.

16. In August 2001, Avon exercised its purchase option on the Equipment for $419,159.08, including $22,322 in tax. The tax has been paid to the appropriate tax authorities, and GATX is now holding the $396,837 net proceeds on behalf of one or both of the defendants ("the Disputed Funds").

17. GATX does not claim any entitlement to either the Disputed Funds or the July Rent.

18. GATX has attempted to reach an Agreement with the Defendants to return or turn over the disputed funds to the Defendants, but has been unsuccessful.

## THE COMMONWEALTH ACTION

19. On or about December 21, 2001, Commonwealth filed an action against Avon, claiming damages of approximately $762,000 in unpaid rents for the Equipment. The action is captioned *Commonwealth Capital Corp. v. Avon Products, Inc.*, No. 01 Civ. 6915, and is pending before the Hon. Clifford Scott Green ("the Commonwealth Action").

20. On or about March 19, 2002, Avon moved to dismiss the Complaint for nonjoinder of necessary and indispensable parties, namely GATX and El Camino. The Court denied that motion on April 26, 2002.

21. In the Commonwealth Action, Commonwealth contends that Avon's obligations to pay rent continued unabated after it paid the Disputed Funds to GATX; by necessary implication, then, Commonwealth is contending that it continues to own the Equipment and that no sale to Avon ever took place. In light of these allegations, Avon could demand a return of the disputed funds from

GATX. Alternatively, if Avon is found liable to Commonwealth for any part of the Disputed Funds, Avon could assert a claim against GATX for the Disputed Funds.

22. Despite contending that no sale ever took place, by letter dated April 5, 2002, Commonwealth has demanded that GATX pay it the Disputed Funds.

23. By reason of the conflicting claims of Commonwealth and Avon, GATX may be subject to multiple claims and multiple liabilities for the same monies, namely the Disputed Funds.

WHEREFORE, plaintiff GATX respectfully requests judgment as follows:

(a) That the Court enter an order discharging GATX from any and all liability on account of the sale of the Equipment or otherwise based on the Disputed Funds deposited into the Registry of the Court;

(b) That this Court retain jurisdiction of this matter, require defendants to interplead, and determine which of the defendants, Avon or Commonwealth, is entitled to the amount of the Disputed Funds deposited into the Registry of the Court; and

(c) Awarding such other relief as the Court deems just and proper.

BAZELON, LESS & FELDMAN, P.C.

By: _____
    Richard L. Bazelon
    Noah H. Charlson
    1515 Market Street, Suite 700
    Philadelphia, PA 19102
    (215) 568-1155

    Attorneys for Plaintiff
    GATX Technology Corporation

J:\GATX, 3718\Commonwealth Capital-Avon, 00002\Court Documents\complaint for interpleader.wpd